UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HIZAM M.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

19-CV-725 (JLS)

## DECISION AND ORDER

Plaintiff Hizam M. moved for $20,169.75 in attorney's fees under 42 U.S.C. § 406(b). Dkt. 21. The Commissioner responded, requesting that the Court ensure the timeliness and reasonableness of Plaintiff's motion. Dkt. 24. For the reasons below, the Court grants Plaintiff's motion.

## BACKGROUND

On October 21, 2015, Plaintiff applied for Child's Disability Insurance Benefits, alleging disability beginning July 16, 2013. *See* Dkt. 21-2 ¶ 8. Plaintiff appealed the Commissioner's denial of benefits by filing a complaint in this Court on June 4, 2019. Dkt. 1. Plaintiff moved for judgment on the pleadings on November 27, 2019. Dkt. 12. The Court remanded the case for further administrative proceedings on September 30, 2020. Dkt. 16. The Court also awarded Plaintiff's counsel $6,963.46 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkts. 20, 21-2 ¶ 12.

On remand, the Administrative Law Judge issued a fully favorable decision for Plaintiff, awarding him $80,679.00 in past-due benefits. *See* Dkt. 21-1, at 1-2. The Commissioner withheld twenty-five percent of those past-due benefits—or $20,169.75—to pay any attorney's fee award. *See* Dkt. 21-2 ¶ 11.

On May 6, 2022, Plaintiff's counsel moved for $20,169.75 in fees under 42 U.S.C. § 406(b), the exact amount withheld by the Commissioner. Dkt. 21. Counsel will refund Plaintiff the $6,963.46 received in EAJA fees if Plaintiff is awarded the $20,169.75 he seeks on this motion. *Id.*; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Fee awards may be made under both [the EAJA and Section 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . ."). The Commissioner responded and asked the Court to determine the timeliness and reasonableness of Plaintiff's motion. *See* Dkt. 24.

## DISCUSSION

When considering a motion for attorney's fees under Section 406(b), a reviewing court must determine the timeliness of the motion and reasonableness of the fee. *See Joseph L. v. Comm'r of Soc. Sec.*, 568 F. Supp. 3d 304, 306 (W.D.N.Y. 2021). The Court will address each in turn.

### I.   Timeliness of Plaintiff's Section 406(b) Motion

Section 406(b) does not provide a limitations period for filing, but the Second Circuit has held that the fourteen-day filing deadline under Federal Rule of Civil Procedure 54(d)(2)(b) applies. *See Sinkler v. Berryhill*, 932 F.3d 83, 87-88 (2d Cir. 2019); *accord Joseph L.*, 568 F. Supp. 3d at 306 n.1; *see also* Fed. R. Civ. P.

54(d)(2)(B)(i) ("Unless a statute or court order provides otherwise, the motion [for attorney's fees] must . . . be filed no later than 14 days after the entry of judgment . . . ."). This fourteen-day filing deadline, however, is tolled until the parties receive notice of the Commissioner's calculation of benefits. *See Sinkler*, 932 F.3d at 88 ("Once counsel receives notice of the benefits award . . . there is no sound reason not to apply Rule 54(2)(B)'s fourteen-day limitations period to a § 406(b) filing, just as it would apply to any other final or appealable judgment.").

Plaintiff's Section 406(b) motion here is timely. The Commissioner issued the notice of award on April 24, 2022. *See* Dkt. 21-3, at 1. And Plaintiff filed his motion for attorney's fees on May 6, 2022—nine days after receiving notice,[1] and within the fourteen-day limitations period. *See* Dkt. 21-1, at 2.

## II. Reasonableness of Plaintiff's Section 406(b) Fee Request

As for the reasonableness factor, Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). In other words, Section 406(b) "calls for court review of the [contingent-fee] arrangements as an independent check, to assure that they yield

---

[1] There is a presumption that parties receive communications three days after mailing. *See Sinkler*, 932 F.3d at 89 n.5 (citing *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011)); *accord Joseph L.*, 568 F. Supp. 3d at 306 n.1. Here, the fourteen-day limitations period was tolled until April 27, 2022.

3

reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. Agreements allowing an attorney to recover fees exceeding twenty-five percent of the claimant's past-due benefits are *per se* unenforceable. *Id.* Even where the fee sought is less than, or equal to, twenty-five percent of the claimant's past-due benefits, the attorney bears the burden of showing the fee's reasonableness. *See Joseph L.*, 568 F. Supp. 3d at 307; *see also Gisbrecht*, 535 U.S. at 807, n.17 ("[B]ecause section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied.").

When determining a fee's reasonableness, courts consider: "(1) whether the contingency percentage is within the 25% cap[;] (2) whether there has been fraud or overreaching in making the agreement[;] and (3) whether the requested amount is so large as to be a windfall to the attorney." *Joseph L.*, 568 F. Supp. 3d at 307 (quoting *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990)) (alterations in original) (internal quotation marks omitted). Also relevant are: "(1) the character of the representation and the results the representative achieved[;] (2) the amount of time counsel spent on the case[;] (3) whether the attorney is responsible for delay[;] and (4) the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* (quoting *Gisbrecht*, 535 U.S. at 808) (alterations in original) (internal quotation marks omitted).

After considering these factors here, the Court concludes that the requested fee is reasonable. First, the contingency agreement between Plaintiff and his

counsel provided that his attorneys would request a fee for services in the amount of twenty-five percent of past-due benefits. *See* Dkt. 21-4. Plaintiff received $80,679.00 in past-due benefits; therefore, the request for $20,169.75 in fees represents twenty-five percent of past-due benefits awarded—the statutory limit. *See* Dkt. 21-1, at 1-2. Second, there is no evidence that this fee agreement resulted from fraud or overreaching. *See* Dkt. 21-4. Next, the result that Plaintiff secured with his counsel's assistance—approximately $80,679.00 in past-due benefits— indicates that he received effective representation. *See* Dkt. 21-1, at 2. In addition, although Plaintiff's counsel sought an extension of time to file his motion for judgment on the pleadings, this was not a delay "meriting a downward adjustment." *Joseph L.*, 568 F. Supp. 3d at 307; *see* Dkt. 10.

The remaining factors—counsel's normal hourly rate for noncontingent-fee cases and whether the award is a windfall—are related. In particular, counsel's "normal hourly billing charge for noncontingent-fee cases" can assist "the court's assessment of the reasonableness of the fee" requested. *Gisbrecht*, 535 U.S. at 808.

Here, counsel recorded 38.9 hours litigating Plaintiff's case in this court. *See* Dkt. 21-5 ¶¶ 3-4. Dividing the $20,169.75 requested fee by 38.9 hours results in a *de facto* hourly rate of $518.50. The *de facto* rate here is higher than counsel's $400.00 hourly rate for noncontingent cases. *See* Dkt. 21-2 ¶ 15. Nevertheless, the requested fee is not a "windfall" to Plaintiff's counsel. *See, e.g., Fields v. Kijakazi*, 24 F.4th 845, 854–56 (2d Cir. 2022) (holding that a *de facto* hourly rate of $1,556.98 was not a windfall given: (1) counsel's ability and expertise; (2) the nature and

length of counsel's professional relationship with the claimant; (3) the satisfaction of the claimant; and (4) the inherent risk in taking Social Security cases on a contingency-fee basis). And the Commissioner, in the "limited role as a trustee," did not take the position that the requested fee constitutes a windfall. *See* Dkt. 24.

Plaintiff's counsel is experienced, having handled "hundreds of [Social Security] cases in the district court" and "over 25 cases before the Court of Appeals for the Second and Third circuits" since August of 1999. *See* Dkt. 21-2 ¶ 7. Most of the hours Plaintiff's counsel spent on this case involved drafting the memorandum of law in support of Plaintiff's motion for judgment on the pleadings—a motion that ultimately led to the case being remanded to the Commissioner. *See* Dkt. 21-5 ¶¶ 3-4; *see also Fields*, 24 F.4th at 854 ("Binder & Binder's ability and expertise allowed it to accomplish in just 25.8 hours what other lawyers might reasonably have taken twice as much time to do.").

Counsel began representing Plaintiff in February 2016, and he secured a fully favorable decision for his client "amounting in a [sizeable] award of past-due benefits as well as ongoing monthly benefits." *Fields*, 24 F.4th at 855. And there is nothing in the record indicating that Plaintiff objects to counsel's request for fees. *See id.* ("It is worth noting that the record contains no indication that Mr. Fields—who, unlike the Commissioner, has a direct financial stake in the fee determination—objects to the fee award.").

Finally, Plaintiff agreed that his counsel would receive fees equal to twenty-five percent of past-due benefits awarded, the amount currently sought. *See* Dkt.

21-4. The Court recognizes that "[l]awyers who operate on contingency—even the very best ones—lose a significant number of their cases and receive no compensation when they do." *Fields*, 24 F.4th at 855; *see also Wells v. Sullivan*, 907 F. 2d 367, 371 (2d Cir. 1990) ("In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk.").

After considering all the relevant factors, the Court concludes that the requested fee is reasonable.

## CONCLUSION

For these reasons, the Court GRANTS Plaintiff's motion for attorney's fees (Dkt. 21). The Commissioner shall release to Plaintiff's counsel $20,169.75 of the funds withheld from Plaintiff's benefits award. Upon receipt of the Section 406(b) fee, Plaintiff's counsel shall refund to Plaintiff $6,963.46—the amount previously awarded as EAJA fees.

SO ORDERED.

Dated:   March 16, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE